IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>  Defendants. | No. C 10-4615 JSW (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTIONS TO AMEND AND APPOINT COUNSEL**<br><br>(Docket No. 22, 33, 35) |

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983 alleging that jail officials were deliberately indifferent to his safety and medical needs. After reviewing the allegations in the complaint pursuant to 28 U.S.C. § 1915A(a), the Court issued an Order of Service.

On January 25, 2011, Defendants filed a motion to dismiss the complaint for failure to exhaust pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition and Defendants filed a reply. For the reasons discussed below, the motion (docket number 22) is GRANTED and the claims against all Defendants are DISMISSED without prejudice.

## DISCUSSION

**A.  Standard of Review**

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315

F.3d 1108, 1119 (9th Cir 2003) (noting that the burden of establishing nonexhaustion falls on the defendants). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

**B.     Analysis**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases is mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002).

It is undisputed that in 2010, at the time the alleged constitutional violations took place, the Contra Costa County Jail provided their inmates with procedures for filing administrative grievances about the conditions of their confinement or any other aspect of their treatment while in custody. (Evans Decl. ¶¶ 3-5, Exhs. A-B.) The first step for inmates wanting to complain, as Plaintiff did, about medical care at the jail is to make an "informal" verbal grievance with a staff member in their housing unit. (*Id.* Ex. A § II(A)(1).) If that does not resolve the issue, the next step is for the inmate to write a "formal" grievance on an "Inmate Request Form," which must be submitted within 48 hours of the incident or condition that is the subject of the complaint. (*Id.* Exh. A § II(B)(1)-(2).) If the inmate is dissatisfied with the Deputy's response to the grievance, the next step is to file a written appeal within five days to the Facility Commander "or

designee."[1] (*Id.* Exh. A § II(B)(7); Exh. B § I(A)(1).) The inmate then has the right to file further appeals "until they have been satisfied or the detention division chain of command has been exhausted," including appeals to the Division Captain and finally to the Facility Captain. (*Id.* Exh. B § I(A)(2(f).) The Facility Captain conducts the final review of all grievance appeals. (*Id.*) Copies of all inmate grievances and appeals are stored in an inmate's booking file. (*Id.* Exh. B § I(A)(2)(g).) All inmates are shown a video and given an orientation describing the policies and procedures for filing administrative grievances each time they booked into custody at any Contra Costa County Jail facility. (*Id.* at ¶ 7.) A written manual explaining these procedures is available on all housing units. (*Id.* at ¶¶ 7-8.)

Plaintiff filed 26 written, or "formal," grievances at the Contra Costa County Jail. (Compl., Exs. 1-26.) Defendants show that there is no record of Plaintiff appealing the responses to any of these grievances to the higher levels of administrative review that were available to her, i.e. to the Facility Commander or designee, to the Division Captain, or to the Facility Captain. (Evans Decl. ¶ 9.) Plaintiff states that the Deputies she gave several of her grievances to did not respond to them, and that she submitted others to the Facility Commander but did not receive a response to them. Plaintiff presents no evidence of any appeals to the Facility Commander, and there were none in her booking file, where copies of such appeals are kept. (*Id.*) Even if she did file such appeals and did not receive a response, the grievance procedures allow inmates to file appeals up the chain of command as long as they are not "satisfied" (*Id.* Exh. B § I(A)(2)(f).) Thus, if she did not hear back from the Deputy or Facility Commander on any of her grievances, she could have resubmitted it to the next higher level of review,

---

[1] The designees are not identified in the jail policy manual, but Defendants state and Plaintiff does not dispute that the designees are the "Detention Division Commander" and the "Custody Services Bureau Commander." (*See* Evans Decl. Exh. B § I(A)(1); Mot. to Dism. at 5.)

including to the Division Captain, and finally the Facility Captain. Plaintiff presents no evidence that she did so or explanation why she did not.

The PLRA required Plaintiff to submit her grievance to the highest available level of administrative review, in this case to the Facility Captain. There is no evidence that she ever did so, nor has Plaintiff presented grounds for excusing this obligation. Accordingly, the complaint will be dismissed without prejudice to refiling after all available administrative remedies are exhausted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED (docket number 22), and Plaintiff's complaint is DISMISSED without prejudice. The motion to amend the complaint, which contains nothing that shows that Plaintiff has properly exhausted her claims, is DENIED (docket number 33). The motion for appointment of counsel (docket number 35) is DENIED.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: December 12, 2011

JEFFREY S. WHITE
United States District Judge

<pre>
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    NORTHERN DISTRICT OF CALIFORNIA
</pre>

MARY LEE GAINES,

        Plaintiff,

  v.

CONTRA COSTA COUNTY et al,

        Defendant.

Case Number: CV10-04615 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mary Lee Gaines
WA2486
P.O. Box 92
Chowchilla, CA 93610

Dated: December 12, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk